GUIDO TOMEI, PLAINTIFF, v. TOWNSHIP OF NORTH BERGEN, IN THE COUNTY OF HUDSON, DEFENDANT.

Argued June 30, 1923—Decided July 28, 1923.

T., the owner of certain lots, entered into a contract with a builder for the erection of a garage thereon, including sewer, water and gas connections, and applied to the municipal authorities for permission to open a street opposite his lots, in compliance with the local ordinance. Subsequent to the commencement of plaintiff's building and after he had made his contract, an ordinance had been enacted to control the erection and form of construction of garages in the township, and the township committee directed the plaintiff to submit his plans and specifications to it to enable it to determine whether or not the garage was prohibited by the ordinance. *Held*, that the plaintiff is presumed to have title to the land to the middle of the street, and was therefore entitled to receive the permit to open it in front of his lots, so long as he complied with the municipal regulations relative thereto; and that this permission could not be withheld on the claim that the garage ordinance had been violated, since the future use of the building was in nowise related to the owner's right to connect the building with an existing or prospective sewer in the street in accordance with existing municipal regulations designed for that purpose.

On rule to show cause why *mandamus* should not issue.

For the plaintiff, *George J. McEwen.*

For the defendant, *J. Emil Walscheid.*

Argued before

MINTURN, J.   The plaintiff, owner of a proposed large garage establishment, at the junction of Paterson avenue and Gillies avenue, in the township of North Bergen, now in process of construction, made application to the defendant for a building permit in July, 1922, and therewith filed his plans and specifications.

The town having refused the application, the plaintiff proceeded in this court and vindicated his right to proceed. After the right of the plaintiff had been thus determined, and about March 26th, 1923, he entered into a contract with a builder for the construction of the proposed plant, including sewer, water and gas connections in Gillies avenue.   To accomplish this latter purpose in accordance with the provisions of an ordinance passed February 15th, 1900, he applied to the defendant for a permit to open the street opposite his lots. The town clerk had previously refused a similar application made by the plaintiff's attorney on June 19th, 1923.   The township committee in reply to the application passed a resolution directing the plaintiff to produce before the committee, upon the 28th day of June, 1923, "any and all plans and specifications in order to enable the committee to determine whether or not the said building operations, when completed, will result in the erection of garages, the use or operation of which are prohibited by ordinance aforesaid."

The ordinance, to which reference is made in the resolution, was adopted by the township committee on May 3d, 1923. The plaintiff began his building operations about March 26th, 1923, and his contract for the construction of gas, water and sewer connections was executed on April 4th, 1923.   The building itself, so far as exterior construction is concerned, is almost complete.   The opposition of the township ob-

viously is based upon the comprehensive provisions of the ordinance of May 3d, 1923, which is intended to control the erection and form of construction of garages in the interest of the general public. How far its provisions may be applicable *in futuro* to the building under construction it is not necessary to decide for the purposes of this case; for conceding the right and power of the municipality to pass the ordinance, and conceding the applicability of its provisions to this plaintiff, as insisted by the township, the simple inquiry now presents itself whether the plaintiff as owner of the *locus in quo* is entitled to receive a permit to open the street fronting upon his premises, for the purpose of connecting an existing building, with an existing or contemplated outlet for sewer purposes.

In this respect the case in material respects is not unlike that of *Keavey* v. *Randall*, decided by the Supreme Court on June 5th last (*N. J. Mis. R.* 312), in which the writ of *mandamus* was awarded. The title of the lot owner ordinarily is co-extensive with the middle of the street, subject to the public right of passage. *Winter* v. *Peterson*, 24 *N. J. L.* 524; *Hinchman* v. *Paterson Railway*, 17 *N. J. Eq.* 75.

And while this private right of ownership may and should be regulated and controlled, in the interest of the public, by appropriate municipal legislation, the plaintiff's right as abutting owner cannot be denied him so long as the same be exercised in accordance with the co-existing public rights in the street. *Friedman* v. *Snare, &c.*, 71 *N. J. L.* 605, 610.

The plaintiff having complied with the municipal regulation and tendered the fee prescribed by the building ordinance of February 15th, 1900, is entitled to receive his permit, and if the same be further withheld the writ of *mandamus* will issue for that purpose.